IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-77,008




EX PARTE RICKY EUGENE JACKSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10CR3044 IN THE 56th DISTRICT COURT
FROM GALVESTON COUNTY




            Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to eight years’ imprisonment. The Applicant did not appeal his
conviction. 
            Applicant contends that his due process rights were violated because a forensic scientist did
not follow accepted standards when analyzing evidence and therefore the results of his analyses are
unreliable. A Department of Public Safety report shows that the lab technician who was solely
responsible for testing the evidence in this case is the scientist found to have committed misconduct. 
While there is evidence remaining that is available to retest in this case, that evidence was in the
custody of the lab technician in question. This Court believes his actions are not reliable; therefore
custody was compromised, resulting in a due process violation. Applicant is therefore entitled to
relief.
            Relief is granted. The judgment in Cause No. 10CR3044 in the 56th District Court of
Galveston County is set aside, and Applicant is remanded to the custody of the Sheriff of Galveston
County to answer the charges as set out in the indictment. The trial court shall issue any necessary
bench warrant within 10 days after the mandate of this Court issues.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: March 27, 2013
Do not publish